RAWLINSON, Circuit Judge,
dissenting:
I respectfully dissent. In my view, the Immigration Judge’s adverse credibility determination is supported by substantial evidence. The inconsistent testimony regarding the letter attesting to Petitioner’s membership in the group that formed the basis for his asserted persecution was an important part of his case. See Kin v. Holder, 595 F.3d 1050, 1058 (9th Cir.2010) (“An inconsistency goes to the heart of a claim if it concerns events central to petitioner’s version of why he was persecuted and fled.”) (citation and parentheses omitted). Indeed, the Petitioner’s attorney represented that the witness was testifying about the letter to go “to the weight [the immigration court] would give to his claim for a well-founded fear of presently returning to Burma.” Even more telling, the Petitioner’s attorney moved to withdraw from the case at the close of the first hearing, stating that he could not “ask [the Petitioner] in good faith any more questions ...”
In addition, the Immigration Judge (IJ) made a demeanor finding that we have previously held must be given “special deference.” Singh-Kaur v. INS, 183 F.3d 1147, 1151 (9th Cir.1999) (citation omitted).
Finally, the IJ noted that Htet’s family remained in Burma undisturbed. This finding included the Petitioner’s father who was purportedly arrested for being a member of the same organization as Petitioner.
Considering this record, I would deny the petition, keeping in mind our charge that we may reverse the IJ’s ruling only if a contrary determination is compelled by the evidence. See Hammad v. Holder, 603 F.3d 536, 543 (9th Cir.2010) (“To reverse the BIA finding we must find that the evidence not only supports petitioner’s argument, but compels it.”) (citation and alteration omitted). Because the record in this case does not compel a contrary result, I respectfully dissent.